UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                                                Chapter 7

Bill Asso Kallabat,                                           Case No. 12-53744
a/k/a Bill Kallabat,
a/k/a William Kallabat,                                    Hon. Phillip J. Shefferly

     Debtor.
_____/

**OPINION GRANTING IN PART DEBTOR'S MOTION
FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

**Introduction**

This opinion deals with an individual debtor's motion seeking damages for a willful violation of the automatic stay under § 362(k) of the Bankruptcy Code. For the reasons set forth in this opinion, the Court grants the motion in part and finds that there was a willful violation of the automatic stay under § 362(k).

**Jurisdiction**

This is a proceeding arising under title 11, over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

**Facts**

The following facts are not disputed.

Bill A. Kallabat is the Debtor in this Chapter 7 bankruptcy case. The Debtor is a pro se defendant in a divorce case pending in the Oakland County Circuit Court, case no. 2011-787798-DM ("Divorce Case"). The Debtor's wife, Nagham Kallabat ("Mrs. Kallabat"), is represented by Victor & Victor, PLLC ("Victor") in the Divorce Case. The Divorce Case was

scheduled for trial on June 5, 2012. One day prior to the trial, the Debtor filed this Chapter 7 case. Upon filing the Chapter 7 petition, the Debtor's bankruptcy attorney telephoned Victor's office and left a message and a voice mail informing Victor that the Debtor had filed this Chapter 7 case. In addition, the Debtor's bankruptcy attorney also sent an email on June 4, 2012 with a copy of a notice issued by the Bankruptcy Court showing that the Debtor had filed the Chapter 7 bankruptcy petition. Later that day, Victor left a telephone message with the Debtor's bankruptcy attorney acknowledging receipt of the email with a copy of the Debtor's notice of bankruptcy case. On the evening of June 4, 2012, the Debtor's bankruptcy attorney spoke with an attorney at Victor, who informed the Debtor's bankruptcy attorney that despite the bankruptcy case, he intended to proceed with the trial of the Divorce Case the following day.

On June 5, 2012, the Debtor's bankruptcy attorney traveled to the Oakland County Circuit Court at 8:30 a.m. to file with that court a copy of notice of the Debtor's bankruptcy case. The Debtor's bankruptcy attorney then delivered a time-stamped copy of the bankruptcy notice to the chambers of the Honorable Cheryl A. Matthews, the Oakland County Circuit Court Judge presiding over the Divorce Case. At 9:34 a.m. on June 5, 2012, the Divorce Case was called. The Debtor's bankruptcy attorney appeared and informed Judge Matthews on the record of the Debtor's bankruptcy filing. Victor told Judge Matthews that it wished to proceed with the Divorce Case. Judge Matthews indicated that the Divorce Case should go forward notwithstanding the Debtor's Chapter 7 bankruptcy case. Judge Matthews acknowledged the automatic stay of § 362 of the Bankruptcy Code, but explained that, "although pursuant to 11 U.S.C. 362(b), the--certain matters in a divorce case are stayed, certainly, I'm still able to do certain things, including divorce the parties, and I intend to do that . . . ." (Divorce Case Tr. June 5, 2012, 7:14-18.)

Judge Matthews then inquired of Victor whether there was any joint property or any joint debts of the parties to the Divorce Case. Victor explained that the parties did not have any joint property, but they did have a joint debt. Victor informed Judge Matthews that there was a credit card that the Debtor had fraudulently opened in Mrs. Kallabat's name at Comerica and requested that Judge Matthews require the Debtor to pay the credit card balance of $4,000.00 because of the Debtor's fraud. Judge Matthews asked whether Victor's request violated the automatic stay:

> THE COURT: Are you asking to attribute that to him? Does that violate the stay?
>
> MR. VICTOR: It does not violate the stay considering the fact that the debt is either going to be the same or discharged. Thus, awarding it to him would not be prejudicial to him because, at the very worst, he'll owe what he already owes, nothing more. Best for him is that it's discharged. Either way, my client should bear no liability for it.

(Tr. 8:22-25 to 9:1-5.)

The Debtor requested that the trial of the Divorce Case not go forward. Judge Matthews stated that she could not divide up any joint property because of the Debtor's bankruptcy case, but that she would go forward with the trial of the Divorce Case.

> THE COURT: Well, that's property. I can't split it up today. I can't split it up.
> . . .
> THE COURT: I'm going to divorce you and award spousal support and child support, if any, and I can order custody. I can't--I just can't split a property or a debt; that's the only thing I can't do because you filed for bankruptcy yesterday.

(Tr. 20:19-20; 21:1-5.)

Judge Matthews then held the trial of the Divorce Case. Mrs. Kallabat testified first. Then the Debtor testified. At the conclusion of the trial, Victor and the Debtor each made a closing argument. Victor requested that the Court dissolve the marriage, make provision for custody of the children, and order the Debtor to pay support. In addition, Victor made two other requests. First,

it requested that Judge Matthews hold the Debtor responsible for the Comerica credit card debt of $4,000.00 because, Victor claimed, the credit card account was opened by the Debtor in the name of Mrs. Kallabat without her permission and was therefore fraudulent. Second, Victor requested that Judge Matthews award the marital home to Mrs. Kallabat free and clear of any interest by the Debtor.

> MR. VICTOR: Then there was the issue of the credit card that my client was out of the country, for which when Mr. Kallabat applied for, that will be part of the bankruptcy proceedings, but in the event that the debt is not discharged at the disposition of the bankruptcy proceeding, we would ask that the Court make Mr. Kallabat solely liable for that debt, being that he is the only beneficiary of the expenditures from same.
>
> I believe that the testimony further shows that the home that is deeded and financed solely by the Plaintiff [Mrs. Kallabat] should be awarded to her free and clear. Mr. Kallabat testified that he intends to move out into an apartment anyway.

(Tr. 76:3-15.)

At the conclusion of the trial, Judge Matthews made certain findings and rendered her decision. Judge Matthews dissolved the marriage, awarded custody of the children, and awarded support to Mrs. Kallabat. Judge Matthews also noted that because of the Debtor's Chapter 7 bankruptcy case, she could not adjudicate property interests of the parties to the Divorce Case.

> THE COURT: There are certain things that I cannot decide as I already placed on the record based on the bankruptcy. So I'm going to set a review date for a time after the bankruptcy, which was filed only yesterday. And, therefore, there's a stay, but that's only as to property. And property would include the items in the marital home and the house.

(Tr. 91:14-19.)

Judge Matthews ruled as follows with regard to Victor's last two requests concerning liability for the Comerica credit card and the awarding of the marital home. First, with respect to

the credit card, Judge Matthews required the Debtor to pay the balance and relieved Mrs. Kallabat of any liability.

> THE COURT: He has to pay on the one that's in her name that he applied for because that's uncontroverted evidence, right?
>
> MR. VICTOR: Okay, so that's what I would ask about that, that debt–
>
> THE COURT: Yeah, I think I can do that, can't I?
>
> MR. VICTOR: I mean, that would then ultimately be between him and the bankruptcy. At least for purposes of this Court's jurisdiction, she's relieved.
>
> THE COURT: Right. Right.

(Tr. 113:3-12.) As for the marital home, Judge Matthews reiterated that "I'm not awarding any property, such as the house right now," (Tr. 109:7-8), but did order the Debtor to leave the marital home.

Judge Matthews then instructed Victor to submit a proposed order memorializing the Court's rulings. Victor drafted a proposed judgment of divorce ("Proposed Judgment") and submitted it to the Oakland County Circuit Court for entry.

On June 13, 2012, the Debtor filed a motion (docket entry no. 10) in the Bankruptcy Court seeking actual and punitive damages for a willful violation of the automatic stay pursuant to § 362(k) of the Bankruptcy Code.[1] The motion alleges in paragraph 12 that "Victor, with Judge Matthews' approval, put in testimony and proofs regarding disposition of marital assets, including, without limitation, the removal of the Debtor from the marital home." The motion also

---

[1] Actions for violations of the automatic stay or the discharge injunction are properly brought by motion and not by filing an adversary complaint. Pertuso v. Ford Motor Credit Co., 233 F.3d 417, 421 (6th Cir. 2000) ("[T]he traditional remedy for violation of an injunction lies in contempt proceedings, not in a lawsuit . . . .").

attaches a copy the Proposed Judgment. The motion then alleges that these facts constitute a willful violation of the automatic stay. The motion does not specify *who* violated the stay but instead, in the prayer for relief, requests that the Court "[d]etermine the individuals or entities in willful violation of 11 USC § 362" and "[a]ward actual and punitive damages against those individuals or entities in amounts to [sic] determined by this Court."

Mrs. Kallabat filed an objection (docket entry no. 21) to the motion. Victor filed a separate objection (docket entry no. 22). Mrs. Kallabat's objection argues that there was no violation of the automatic stay of § 362(a) of the Bankruptcy Code, because all of the actions that took place in the Divorce Case on June 5, 2012 and thereafter are excepted from the automatic stay pursuant to § 362(b)(2)(A) of the Bankruptcy Code. Victor's objection does not address whether the proceedings in the Divorce Case were stayed by § 362(a) of the Bankruptcy Code or were excepted from the automatic stay under § 362(b) of the Bankruptcy Code. Victor's objection does not cite either of those statutory provisions, but instead makes a number of allegations about the Debtor's behavior before and during the Divorce Case, and then requests an award of attorney fees against the Debtor and the Debtor's bankruptcy attorney under 28 U.S.C. § 1927 for vexatious litigation.

On June 27, 2012, the Court heard the Debtor's motion. At the hearing, counsel for the Debtor, Mrs. Kallabat and Victor informed the Court that there was a hearing scheduled in the Divorce Case in Oakland County Circuit Court on July 11, 2012 to determine whether to enter the Proposed Judgment. Although the Debtor's motion attached a copy of the Proposed Judgment, the parties did not provide the Court with a copy of the transcript of the June 12, 2012 state court trial. At the conclusion of the hearing, the Court requested that the Debtor file a copy of the transcript with the Bankruptcy Court and then entered an order (docket entry no. 28) authorizing the Debtor

to file the copy of the transcript under seal. The Court took the Debtor's motion under advisement. On June 29, 2012, the Debtor filed a copy of the transcript under seal (docket entry no. 30). On July 6, 2012, the Court held a hearing to inform the parties of the Court's ruling and also stated that the Court would enter its own order to memorialize its ruling. On July 10, 2012, the Court entered the order (docket entry no 33). This opinion sets forth the reasons for the Court's ruling and supplements the record at the hearing on July 6, 2012. If there are any inconsistencies between the Court's statements on the record at that hearing and the statements in this opinion, this opinion governs.

## **Applicable Law**

Section 362(a) of the Bankruptcy Code provides a very broad stay of actions when an individual debtor files a bankruptcy case. Section 362(a)(1) stays the commencement or continuation of any judicial action "against the debtor that was or could have been commenced before [the bankruptcy case was filed] to recover on a claim against the debtor that arose before the commencement of the [bankruptcy case.]" Section 362(a)(3) stays "any act to obtain possession of property of the [bankruptcy] estate or to exercise control over property of the [bankruptcy] estate[.]" Section 362(a)(6) stays "any act to collect, assess, or recover a claim against the debtor that arose before" the bankruptcy case.

However, § 362(b) of the Bankruptcy Code contains numerous statutory exceptions to the automatic stay. The exceptions that may be relevant to the Debtor's motion are all contained in § 362(b)(2)(A). That subsection states that the filing of a bankruptcy case does not operate to stay the commencement or continuation of a civil proceeding

(i) for the establishment of paternity;

12-53744-pjs    Doc 36    Filed 07/13/12    Entered 07/13/12 16:47:17    Page 7 of 19

(ii) for the establishment or modification of an order for domestic support obligations;
(iii) concerning child custody or visitation;
(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or
(v) regarding domestic violence[.]

Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

> [A] "willful violation" [does] not require proof of a specific intent to violate the stay, but rather an intentional violation by a party aware of the bankruptcy filing. . . . A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act.

TranSouth Financial Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (citations omitted). A debtor may recover actual damages and bears the burden of proof. "[A] damage award must not be based on 'mere speculation, guess, or conjecture.' Proof of damages requires that degree of certainty that the nature of the case admits." In re Perrin, 361 B.R. 853, 856 (B.A.P. 6th Cir. 2007) (quoting Archer v. Macomb County Bank, 853 F.2d 497, 499 (6th Cir. 1988)).

## Discussion

The Debtor's Chapter 7 bankruptcy petition did not stay the entire Divorce Case. Section 362(b)(2)(A)(iv) makes it clear that a proceeding to dissolve a marriage is not stayed by § 362(a). Similarly, § 362(b)(2)(A)(ii) makes it clear that the establishment of a domestic support obligation is not stayed.[2] Further, § 362(b)(2)(A)(iii) excepts from the automatic stay proceedings

---

[2] "Domestic support obligation" is defined in § 101(14A) of the Bankruptcy Code as:

The term "domestic support obligation" means a debt that accrues before, on, or

concerning child custody or visitation. The first question before this Court is whether the actions described in the Debtor's motion are within or outside of these exceptions to the automatic stay.

After carefully reviewing the transcript of the Divorce Case trial, the Court concludes that Mrs. Kallabat and Victor were not stayed by the Debtor's bankruptcy case from continuing the Divorce Case to dissolve the marriage, to determine child custody and visitation for the Debtor's children, nor to establish any domestic support obligations to be paid by the Debtor. To argue, as the Debtor's motion does, that the entire Divorce Case was stayed and that the trial should not have gone forward on June 5, 2012 is simply incorrect as a matter of law. But that does not mean that every request for relief made at the trial was within one of the § 362(b)(2)(A) exceptions to the automatic stay of the Bankruptcy Code. An examination of the transcript shows that there were

---

after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by—
(i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
(ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
(i) a separation agreement, divorce decree, or property settlement agreement;
(ii) an order of a court of record; or
(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

two separate requests for relief that were made at the trial in violation of the automatic stay of § 362(a) and that were not within any of the exceptions contained in § 362(b)(2)(A).

First, the request that Mrs. Kallabat be awarded the marital home free and clear of any interest of the Debtor violated §362(a)(3). Section 362(b)(2)(A)(iv) clearly states that there is an exception to the automatic stay for dissolution of a marriage, but qualifies that exception by saying that it does not apply "to the extent that such proceeding seeks to determine the division of property that is property of the estate[.]" Whatever interest, if any, that the Debtor may have in the marital home, became property of the Debtor's bankruptcy estate when he filed his Chapter 7 petition on June 4, 2012. See 11 U.S.C. § 541(a). As a result, § 362(a)(3) stayed any request that the Oakland County Circuit Court adjudicate the Debtor's interest in the marital home. Despite this fact, as noted above, the transcript shows that Victor expressly did make such a request. There is nothing in the transcript to show that Mrs. Kallabat made the request, but instead the transcript shows it was Victor that did so. The transcript also shows that despite Victor's request, when Judge Matthews made her ruling (Tr. 91:14-19), Judge Matthews was careful to state that she was not adjudicating property interests of the parties because of the automatic stay. Therefore, the transcript demonstrates that only Victor violated the automatic stay by requesting an adjudication of the property rights of the Debtor in the marital home.

The second place where there was a violation of the automatic stay at the trial pertains to the request by Victor that the Oakland County Circuit Court impose liability upon the Debtor for the $4,000.00 balance owing on the Comerica credit card account. The sole basis for Victor's request to make the Debtor liable for the $4,000.00 balance on the Comerica credit card was Mrs. Kallabat's allegation that the Debtor had defrauded Mrs. Kallabat by signing her name to open the account.

-10-

Unlike the establishment of a domestic support obligation, which is by definition in the nature of support, the request to impose liability because of fraud is plainly based upon a pre-petition claim that Mrs. Kallabat holds against the Debtor that has nothing to do with Mrs. Kallabat's need for support.  The assertion of this claim violates § 362(a)(1) and (6) of the Bankruptcy Code and is not within any of the specific exceptions of § 362(b)(2)(A).  The transcript shows that it was Victor, and not Mrs. Kallabat, that made this request.  By requesting the Oakland County Circuit Court to hold the Debtor responsible for this $4,000.00 credit card balance for fraud, Victor violated the automatic stay.  When Judge Matthews determined that the Debtor was responsible to pay the $4,000.00 balance on the Comerica credit card, she cited only fraud as the factual and legal basis.

In sum, there were two violations of the automatic stay that occurred at the trial of the Divorce Case on June 5, 2012, and both of them were by Victor:  (i) Victor's request to adjudicate property rights in the marital home; and (ii) Victor's request to impose liability upon the Debtor for the Comerica credit card account because of fraud.

But the Debtor's motion also alleges that Mrs. Kallabat and Victor are *continuing* to violate the automatic stay by requesting the Oakland County Circuit Court to enter the Proposed Judgment in the Divorce Case.  After reviewing the Proposed Judgment, the Court finds that most of the sections of the Proposed Judgment set forth requests for relief that are clearly within the exceptions to the automatic stay contained in § 362(b)(2)(A).  In that respect, the Proposed Judgment is consistent with what the transcript reflects took place at the trial.  However, the Proposed Judgment, like the trial, contains some requests for relief that are not within the exceptions of § 362(b)(2)(A). Even worse, the Proposed Judgment has a number of requests for relief that were not made at trial and that go far beyond the exceptions of § 362(b)(2)(A).  Therefore, the Court agrees with the

Debtor that the submission of the Proposed Judgment for entry by the Oakland County Circuit Court constitutes a separate, independent violation of the automatic stay.

First, the Proposed Judgment contains a section entitled "PROPERTY AWARD." This section acknowledges the Debtor's bankruptcy case, but also contains a finding that "this Court's adjudication and award of real and personal property in this matter is stayed pending the disposition of Defendant's filing in the Bankruptcy Court." It is not entirely clear what the Proposed Judgment is trying to do by this sentence. But it does seem to imply that the Oakland County Circuit Court has made an "adjudication and award of real and personal property" as between Mrs. Kallabat and the Debtor, albeit one that is stayed for the time being because of the Debtor's bankruptcy case. The language is confusing but, more importantly, it does appear to request recognition of some adjudication of property rights. To that extent, it violates the automatic stay.

Another section of the Proposed Judgment is entitled "LIABILITIES." Some parts of this section deal with debts that are described as being in the nature of support. Those parts are excepted from the automatic stay by § 362(b)(2)(A)(ii). However, there is also a paragraph in this section that does not say anything about support, but instead holds that the Debtor is "solely liable for 100% of the debt and liability owed for the Comerica Credit Card in the name of [MRS.] KALLABAT . . . , with an approximate balance of $4,000." Unlike the other financial obligations imposed upon the Debtor and described in the Proposed Judgment as support, this particular financial obligation does not recite that it is in the nature of support. That is consistent with what is reflected in the transcript of the trial, which shows that Judge Matthews made this determination of liability based solely upon a finding that the Debtor had defrauded Mrs. Kallabat. To the extent that the submission of the Proposed Judgment again seeks a determination that the Debtor is responsible for this debt because

-12-

of fraud, it again violates the automatic stay because this debt is based upon a pre-petition claim against the Debtor that is not within one of the exceptions to the automatic stay provided by § 362(b)(2)(A) of the Bankruptcy Code.

Another section of the Proposed Judgment is entitled "PENSION, PROFIT SHARING, LIFE INSURANCE AND RETIREMENT." This section of the Proposed Judgment goes far beyond anything contained in the trial transcript. This section contains findings *extinguishing* property rights of the Debtor. It reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that the interest which either of the parties hereto may now have or may heretofore have had in any of the life insurance, annuity, endowment, retirement accounts, IRAs, 401(k)s, or pension contracts or policies of the other party, shall be and the same is hereby extinguished and the parties hereto shall, in the future, hold all such life insurance, annuities, endowments, retirement accounts, IRAs, 401(k)s or pensions free and clear of any right or interest which the other party now has or may heretofore have had therein or thereto, by virtue of being the beneficiary, the contingent beneficiary or otherwise.

There is no question that this section purports to determine the division of property that is property of the Debtor's bankruptcy estate. This request violates § 362(a)(3) of the Bankruptcy Code and is not within the exception to the automatic stay of § 362(b)(2)(A)(iv).

Finally, there is another section in the Proposed Judgment entitled "TERMINATION OF INSURANCE BENEFICIARY RIGHTS." It reads as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that all rights of either party in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the other in which said party was named or designated as beneficiary, or to which said party became entitled by assignment or change of beneficiary during the marriage or in anticipation thereof, whether such contract or policy was heretofore or shall hereafter be written or become effective, shall terminate as of the date of entry of this Judgment of Divorce and shall hereupon become and be payable to the estate of the owner of said policy, or such named beneficiary as shall hereafter be affirmatively designated.

There is no reference to this request for relief at all in the trial transcript. The request to have the Oakland County Circuit Court enter the Proposed Judgment, with this adjudication of rights in the insurance contracts, clearly violates the automatic stay provisions of § 362(a)(3) of the Bankruptcy Code because it seeks to determine a division of property that is property of the bankruptcy estate of the Debtor.

To recap, the Court finds that Mrs. Kallabat and Victor were not stayed from going forward with most of the requests for relief that they made at the trial of the Divorce Case on June 5, 2012, nor from submitting most of the requests for relief that are in the Proposed Judgment. But any requests to divide property or impose liability other than for support, whether during the trial or later in the Proposed Judgment, were stayed.

Having determined that there were two violations of the automatic stay, the next question is whether these violations were willful such that they give rise to liability under § 362(k) of the Bankruptcy Code. The Debtor's motion nowhere says exactly who the Debtor is seeking relief against, but a fair reading of the Debtor's motion is that it requests relief against Mrs. Kallabat and Victor, only. The Debtor has not said, either in the motion or at the hearing on June 27, 2012, whether there are any other persons or entities against whom the Debtor is seeking relief.[3] Therefore, the Court will consider the Debtor's request for relief solely with respect to Mrs. Kallabat and Victor.

---

[3] To some extent, the motion implies that Judge Matthews and the Oakland County Circuit Court also violated the automatic stay. But at the hearing on June 27, 2012, the Debtor's attorney was specifically asked by this Court whether he was seeking relief against Judge Matthews and the Oakland County Circuit Court, and he answered that he was not.

-14-

The Debtor does not allege, and the transcript does not show, that Mrs. Kallabat in any way willfully violated the automatic stay. The actions described in the Debtor's motion were all taken by Victor, both during the trial on June 5, 2012 and in submitting the Proposed Judgment. Although Victor is the representative of Mrs. Kallabat in the Divorce Case, there is no basis for this Court to conclude that Mrs. Kallabat in any way willfully violated the automatic stay. However, the same is not true with respect to Victor.

Victor does not deny knowing of the Debtor's bankruptcy petition being filed on June 4, 2012 prior to the trial of the Divorce Case. Victor knew of the bankruptcy case but chose to proceed with the trial. Victor could have asked Judge Matthews to decide whether the automatic stay applied, as the Oakland County Circuit Court has concurrent jurisdiction to make such determination. "As a general rule, the filing of a bankruptcy petition operates to stay, among other things, the continuation of a judicial proceeding against the debtor that was commenced before the petition. But the automatic stay protection does not apply in all cases . . . . The court in which the judicial proceeding in pending . . . has jurisdiction to decide whether the proceeding is subject to the stay." Dominic's Restaurant of Dayton, Inc. v. Mantia, __ F.3d __, 2012 WL 2580741, at *3 (6th Cir. July 5, 2012) (citing in part NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 939 (6th Cir. 1986)) (other citations omitted). "If the non-bankruptcy court's initial jurisdictional determination is erroneous, the parties run the risk that the entire action later will be declared void *ab initio*." Chao v. Hospital Staffing Services, Inc., 270 F.3d 374, 384-85 (6th Cir. 2001) (citations omitted).

But Victor did not ask Judge Matthews to determine whether the automatic stay applied. Instead, the transcript shows that Victor and Judge Matthews discussed in a very general way the effect of the automatic stay upon the trial that day, but they did not discuss § 362(a) nor any of the

-15-

12-53744-pjs    Doc 36    Filed 07/13/12    Entered 07/13/12 16:47:17    Page 15 of 19

express statutory exceptions to it set forth in § 362(b). Victor did not cite Judge Matthews to any exceptions to the automatic stay that it felt might be applicable when it proceeded to try the Divorce Case. Although Victor made the conclusory statement during the trial that it was not acting in violation of the automatic stay, it offered no statutory authority or other basis for that statement. Victor knew of the bankruptcy case, and then undertook the deliberate act of requesting the Oakland County Circuit Court to adjudicate property interests of the Debtor and to impose liability on the Debtor because of a pre-petition fraud claim that Mrs. Kallabat held against the Debtor. Even if Victor did not intend to violate the automatic stay, and even if Victor believed that its requests for relief did not violate the automatic stay, it willfully violated the stay. The question then becomes what is the proper remedy.

The remedy for any findings requested by Victor and made by the Oakland County Circuit in violation of the automatic stay, is for this Court to void such findings. Acts taken in violation of the automatic stay are voidable. Easley v. Pettibone Michigan Corp., 990 F.2d 905, 911 (6th Cir. 1993). The rulings made by the Oakland County Circuit Court to adjudicate any property interests that the Debtor may have in marital property or other property that is property of the Debtor's bankruptcy estate are therefore void and of no force or effect. Similarly, the Oakland County Circuit Court's ruling that the Debtor is responsible for the $4,000.00 Comerica credit card balance because of his fraudulent pre-petition conduct is also void and of no force or effect. All of the other rulings made by the Oakland County Circuit Court remain unaffected, because they were not made in violation of the automatic stay, but instead were within the express statutory exceptions to the automatic stay under § 362(b)(2)(A) of the Bankruptcy Code.

-16-

12-53744-pjs    Doc 36    Filed 07/13/12    Entered 07/13/12 16:47:17    Page 16 of 19

The remedy for Victor's conduct is prescribed by § 362(k). Because the Court finds that Victor willfully violated the automatic stay, both by requesting certain forms of relief against the Debtor at the trial of the Divorce Case, and by asking the Oakland County Circuit Court to enter the Proposed Judgment, which contains dispositions, some requested at trial and some not, of property of the Debtor's bankruptcy estate, the Court holds that the Debtor is entitled to damages under § 362(k) of the Bankruptcy Code. Because the Debtor's motion does not identify any specific actual damages that the Debtor suffered as a result of the willful violation of the automatic stay by Victor, the Court has fixed a date by which the Debtor must file an affidavit itemizing any damages sought. The Court has also fixed a date by which Victor may file any objection to the affidavit. After reviewing the affidavit and any objection, the Court will then either make an award of damages or determine that further proceedings are required.

Victor had also asked for sanctions against the Debtor under § 1927 of title 28 for bringing this motion. Section 1927 applies when an attorney "multiplies the proceedings in any case unreasonably and vexatiously. . . ." Because the Court has determined that Victor violated the stay and thus the Debtor is entitled to some of the relief requested in his motion, the Court finds that sanctions under this statute are not warranted. See Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997) (finding that sanctions under § 1927 require "'some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party'" ) (quoting In re Ruben, 825 F.2d 977, 984 (6th Cir. 1987)) (other citations omitted).

**Conclusion**

The Court concludes that the Debtor's motion should be granted in part. The Court finds that Victor willfully violated the automatic stay of § 362(a) of the Bankruptcy Code. The Court finds that Mrs. Kallabat did not willfully violate the automatic stay of § 362(a) of the Bankruptcy Code. The transcript demonstrates that Judge Matthews was aware of the automatic stay of § 362(a) and tried not to violate the automatic stay in going forward with the Divorce Case on that date. It was Victor who assured the Court that the requests for relief it was making did not violate the automatic stay. As explained above, Victor was only partially right. Knowing that the Debtor had filed Chapter 7, it would have been prudent for Victor to first review § 362(a) and (b) and then inform Judge Matthews of what § 362(a) stayed, and what § 362(b) excepted from the automatic stay. Victor did not do that, but instead simply plowed ahead. As it turns out, most of the forms of relief sought in the Divorce Case on June 5, 2012 were excepted from the automatic stay under § 362(b)(2)(A) of the Bankruptcy Code, but not all of them.

The Court appreciates the strong state law policy reasons behind allowing domestic relations matters to proceed expeditiously, and respects the state court's primacy in such areas. But there are important policies behind the automatic stay and the protections it affords to debtors and to creditors of the debtor when a bankruptcy case is filed. The Bankruptcy Code carefully balances and respects these sometimes competing policies by expressly stating what is covered by the automatic stay in § 362(a) and what is excepted from the automatic stay in § 362(b). Once a bankruptcy case is filed, any entity seeking relief against a debtor must take the time to first review this statutory scheme rather than proceed blindly and run the risk of violating the stay.

The Court has already entered a separate order granting the Debtor's motion in part for the reasons set forth in this opinion.

.

**Signed on July 13, 2012**

                                                   **/s/ Phillip J. Shefferly**
                                            **Phillip J. Shefferly**
                                            **United States Bankruptcy Judge**

-19-

12-53744-pjs    Doc 36    Filed 07/13/12    Entered 07/13/12 16:47:17    Page 19 of 19