UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                             Chapter 7

Bill Asso Kallabat,                                Case No. 12-53744
a/k/a Bill Kallabat,
a/k/a William Kallabat,                            Hon. Phillip J. Shefferly

    Debtor.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

On July 10, 2012, the Court entered an order granting in part Debtor's motion for willful violation of the automatic stay ("Order") (docket entry no. 33). On July 13, 2012, the Court issued an opinion setting forth its reasons for the Order ("Opinion") (docket entry no. 36). On July 20, 2012, Victor & Victor, PLLC ("Victor") filed a motion for reconsideration of the Order (docket entry no. 40).

Victor's motion for reconsideration makes three arguments. First, the motion argues that the Court made a factual error by finding that Victor requested the Oakland County Circuit Court to award the marital home of Mrs. Kallabat and the Debtor to Mrs. Kallabat. Second, the motion argues that the Court made a legal error by finding that Victor's request to the Oakland County Circuit Court to impose liability upon the Debtor for a Comerica credit card account constituted a willful violation of the automatic stay of § 362 of the Bankruptcy Code. Third, the motion argues that the Court made another legal error by finding that the Victor firm's submission of a proposed judgment ("Proposed Judgment") to the Oakland County Circuit Court, which contained provisions purporting to extinguish the interest of the Debtor in life insurance, annuities, endowments and

retirement accounts, constituted a willful violation of the automatic stay under § 362(a) of the Bankruptcy Code. In addition to these three arguments, the motion for reconsideration requests that the Court conduct a "status conference to allow counsel to further discuss this matter." The Court will deal with each of these arguments and the request for a status conference in sequence.

Local Bankruptcy Rule 9024-1(a)(3) sets forth the criteria for this Court to apply to a motion for reconsideration. That rule provides that a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, will not be granted. The rule further provides that the moving party must demonstrate that a palpable defect has occurred by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction of the defect.

The first argument raised in the motion for reconsideration alleges a factual error in the Opinion. Victor does not dispute the fact that on page 76 of the transcript of the divorce trial held on June 5, 2012 in the Oakland County Circuit Court, Victor requested that the Oakland County Circuit Court award the marital home to Mrs. Kallabat. However, Victor asserts that this Court erred because Victor's request to the Oakland County Circuit Court was only a "single statement" which Victor in the "very next breath" explained was "not asking for the marital home to be awarded to Mrs. Kallabat before resolution of the bankruptcy proceeding." Here is what the transcript shows:

> MR. VICTOR: I believe that the testimony further shows that the home that is deeded and financed solely by the Plaintiff should be awarded to her free and clear. Mr. Kallabat testified that he intends to move out into an apartment anyway.
>
> THE COURT: I can't really award the house yet, can I?
>
> MR. VICTOR: No, but I don't really want to come back and make another closing, so–
>
> THE COURT: Okay.

MR. VICTOR: --for purposes of preserving my closing argument–

THE COURT: Okay.

MR. VICTOR: --I guess that's what I'd be asking for.

THE COURT: Right. Well, you know, it's--you'd agree that it's marital property, right, even though it's in her name, the deed and the mortgage?

MR. VICTOR: I do.

There is no factual error in the Opinion. The transcript demonstrates that Victor unequivocally requested the Oakland County Circuit Court to award the marital home to Mrs. Kallabat "free and clear" of the Debtor's interest. It was Judge Matthews who raised the question of whether she could award the house because of the Debtor's bankruptcy. Victor then acknowledged *in response* that the Oakland County Circuit Court could not award the house yet, but that he really did not "want to come back" and that is why he was requesting such relief now. The fact that Judge Matthews was concerned about whether she could award the marital home because of the Debtor's bankruptcy case does not alter the fact that Victor expressly requested an award of the marital home "free and clear" of the Debtor's interest. That is a stay violation.

Moreover, although not mentioned in the Court's Opinion, there was an earlier statement made by Victor in opening argument at the divorce trial on pages 7-8 of the trial transcript: "The home, which is the only real estate in the case, is owned solely by the Plaintiff. It is financed solely by the Plaintiff. It's deeded solely to the Plaintiff. I'll be asking the Court to award that to the Plaintiff." After a short exchange with Judge Matthews, Victor added "[m]aking it an even easier case even pending the bankruptcy." Not only was this request not conditioned on waiting for the conclusion of the bankruptcy case, it is clear that Victor intended to go ahead with the property division despite the bankruptcy. So Victor's motion for reconsideration's description of the

-3-

statement in closing argument as a "single statement" is incorrect. Even if it were a single statement, that does not alter the fact that the request to award the marital home to Mrs. Kallabat was a stay violation.

The second argument raised in the motion for reconsideration does not state that the Court made a factual error, but instead made an error of law. Without expressly conceding that Victor violated the automatic stay by requesting the Oakland County Circuit Court to hold the Debtor liable for a Comerica credit card account because of fraud, this argument posits that "with the benefit of 20/20 hindsight," there was a way that Victor could have requested the Oakland County Circuit Court to impose this liability without violating the automatic stay by Victor taking the position in Oakland County Circuit Court that the imposition of this liability was necessary for Mrs. Kallabat's support. Perhaps. But that is not what happened. The fact that there *might* have been a different legal theory available to Victor to seek to impose this liability upon the Debtor does not alter the fact that Victor requested the Oakland County Circuit Court to impose liability upon the Debtor *because of fraud*, and thereby violated the automatic stay. As part of this second argument, Victor's motion also makes the additional point that Victor did not "perceive" or "believe" that it was violating the stay by this request. The Court has no reason to doubt those assertions. But Victor's "perception" or "belief" is irrelevant. What is relevant is that Victor indisputably knew that the bankruptcy case had been filed and then took a deliberate act that violated the automatic stay. Victor further contends that there was still no willful violation of the automatic stay because it did not have the opportunity to obtain a ruling regarding the application of the automatic stay before proceeding with the divorce trial on June 5, 2012. There is nothing in the record before this Court to support that argument. Victor does not dispute that it knew of the Debtor's bankruptcy case on the day before

the divorce trial. If Victor was unsure about the relief that it was requesting from the Oakland County Circuit Court, and whether such relief violated the automatic stay, it could easily have sought a ruling either from the Oakland County Circuit Court or from the Bankruptcy Court with respect to whether such request violated the automatic stay. It chose not to. That does not mean that it did not have the opportunity to do so.

The third argument raised in the motion for reconsideration is that this Court made another error of law by finding that the provisions in the Proposed Judgment regarding the disposition of life insurance, annuities, endowments and retirement accounts constituted a violation of the automatic stay. Here, Victor makes two points. The first point is that "there were no such assets. They simply did not exist." This is a "no harm, no foul argument." Victor does not dispute that the provisions in the Proposed Judgment expressly "extinguish" and "terminate" all of the Debtor's interest in life insurance, endowments, annuities and retirement accounts, but Victor argues that there was no harm or prejudice in this case because in fact Mrs. Kallabat and the Debtor do not have any assets of those types. Although Victor did not make this argument when the Court heard the Debtor's motion for stay violation on June 27, 2012, and it is basically a new argument raised for the first time in the motion for reconsideration, the argument lacks merit in any event. It is the *request* for a determination of the Debtor's interest in any property, particularly a request to "extinguish" and "terminate" any interest that the Debtor may have, that constitutes the stay violation. The record before this Court does not indicate one way or the other whether there are such assets. But whatever the Debtor's interest is, if any, in such assets, that interest became property of his bankruptcy estate when he filed Chapter 7. A request to the Oakland County Circuit Court "to extinguish" and

-5-

"terminate" the Debtor's interest, whatever it might be, is stayed by § 362 of the Bankruptcy Code. The Court is not persuaded by this "no harm, no foul argument."

The second point advanced in this third argument by Victor is that Michigan Court Rule 3.211(B) expressly requires a judgment of divorce in Michigan to include a "determination of the rights of the parties in pension, annuity, and retirement benefits." But if Michigan law requires such a determination to be made in a judgment of divorce, and the judgment is being entered with respect to an individual who also happens to be a debtor in a bankruptcy case, then the party requesting the judgment of divorce with this determination required by Michigan law must first seek relief from the Bankruptcy Court to lift the automatic stay to permit such determination to be made by the state court. If Michigan law requires a provision to be included in the judgment of divorce, but that provision violates the automatic stay, then the answer is clear: seek a lift of the automatic stay, but do not ignore it.

In addition to the three arguments referenced above, the motion for reconsideration makes a number of other points, all of which the Court has considered, and none of which constitute a palpable defect warranting reconsideration of the Opinion and the Order. But one point is worth addressing. The motion for reconsideration recognizes that when the Debtor filed Chapter 7, an automatic stay came into effect, but goes on to say that "[b]oth Judge Matthews and the Victor firm did the best that they could under the circumstances to navigate those issues and honor the stay flowing from Mr. Kallabat's bankruptcy filing." The motion for reconsideration further explains that tough decisions had to be made "on the spot as the trial unfolded," and that the Victor firm "made good faith efforts" to ensure that it did not violate the stay. It is hard for this Court to accept those statements. As explained in the Opinion, § 362(a) and (b) of the Bankruptcy Code expressly

-6-

provide what can go forward in a divorce case and what cannot go forward in a divorce case when an individual files bankruptcy. Yet there is not a single reference by Victor to any of the provisions of § 362(a) or (b) contained in the transcript. The transcript of the trial indicates that the only person who even mentioned § 362 of the Bankruptcy Code was Judge Matthews. Victor knew of the bankruptcy filing the day before the trial. Minimally, in these circumstances, a lawyer's "best" and "good faith efforts" require looking up § 362. And if there is still any uncertainty about the application of the automatic stay, either adjourn the trial and request a determination by the Bankruptcy Court, or simply ask the Oakland County Circuit Court to make such a determination after providing that court with the applicable law to inform it of what can go forward and what is stayed. The transcript shows that there were *no* efforts, let alone "best" or "good faith efforts," to inform the Oakland County Circuit Court as to what § 362(a) and (b) provide. Moreover, when the Debtor filed his motion for a finding of willful violation of the automatic stay, Victor's response (docket entry no. 22) to that motion still did not contain a single reference to § 362(a) or any of the exceptions to it contained in § 362(b). Instead, Victor's response to the Debtor's motion for willful violation of the automatic stay consisted primarily of rehashing the Debtor's conduct in the divorce proceeding *before* he filed his bankruptcy and then requesting sanctions against the Debtor's bankruptcy counsel under 28 U.S.C. § 1927. That response, filed on June 21, 2012, showed that even as of that late date, Victor had not looked at and was entirely unaware of § 362(a) and the exceptions to it contained in § 362(b).

The motion for reconsideration does not meet the standard of L.B.R. 9024-1(a)(3). It does not identify a palpable defect nor provide any other grounds to reconsider the Opinion and the Order.

Therefore, the Court concludes that it must be denied, and further concludes that it is not necessary to conduct a "status conference." Accordingly,

**IT IS HEREBY ORDERED** that Victor's motion for reconsideration (docket entry no. 40) is denied.

.

```
Signed on July 26, 2012
                                           /s/ Phillip J. Shefferly
                                         Phillip J. Shefferly
                                         United States Bankruptcy Judge
```