UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Bill Asso Kallabat,                                 Case No. 12-53744
a/k/a Bill Kallabat,
a/k/a William Kallabat,                             Hon. Phillip J. Shefferly

          Debtor.
_____/


**ORDER AWARDING ACTUAL DAMAGES FOR
WILLFUL VIOLATION OF AUTOMATIC STAY
UNDER § 362(k) OF THE BANKRUPTCY CODE**


On July 10, 2012, the Court entered an order granting in part Debtor's motion for willful

violation of the automatic stay ("Order") (docket entry no. 33). The Order found that Victor &

Victor, PLLC ("Victor") willfully violated the automatic stay of § 362(a)(1), (3) and (6) of the

Bankruptcy Code, and further found that the Debtor is entitled to recover damages pursuant to

§ 362(k) of the Bankruptcy Code. The Order required the Debtor to file an affidavit itemizing such

damages no later than July 13, 2012, and permitted Victor until July 20, 2012 in which to file any

objection to the affidavit. The Debtor timely filed an affidavit signed by the Debtor's attorney,

Jay S. Kalish ("Affidavit") (docket entry no. 34). The Affidavit did not identify any actual damages

suffered by the Debtor other than attorney fees and costs. A breakdown of those attorney fees and

costs is attached to the Affidavit. The Affidavit requests an award of those attorney fees and costs

against Victor and Daniel Victor, individually. In addition to those fees and costs, the Affidavit

requests the Court to impose punitive damages against Victor, Daniel Victor, individually, and

Jeffrey Bigelman, the attorney for Victor who filed the response to the Debtor's motion for willful

violation of the automatic stay and appeared at the hearing held on the motion on June 27, 2012.

Finally, the Affidavit requests that the Court impose sanctions against Bigelman under Fed. R. Bankr. P. 9011 and under 28 U.S.C. § 1927.

On July 16, 2012, Bigelman filed an objection (docket entry no. 37) to the Affidavit. On July 20, 2012, Victor filed an objection (docket entry no. 39) to the Affidavit. The Court has reviewed the Affidavit and the objections. The Court will turn first to the Affidavit's request for damages against Bigelman, and then turn to the Affidavit's request for damages against Victor and Daniel Victor.

The Order found that Victor willfully violated the automatic stay under § 362(k) of the Bankruptcy Code. The Order did not make any finding of a willful violation of the automatic stay by Bigelman. Therefore, there is no basis to award the Debtor any damages against Bigelman under § 362(k) of the Bankruptcy Code. To the extent that the Affidavit makes such request, the Court concludes that it must be denied. The Affidavit also requests sanctions against Bigelman under Fed. R. Bankr. P. 9011. Rule 9011(c)(1)(A) requires a party requesting sanctions under this rule to do so by motion, and sets forth procedural requirements. The Debtor has not filed a motion under that rule. The Affidavit's request for sanctions under this rule is not properly before the Court and, therefore, must be denied. The Affidavit also requests sanctions against Bigelman under 28 U.S.C. § 1927. That statute also requires a separate motion seeking such relief. The Debtor has not made such motion, and any request for sanctions under that statute is also not properly before the Court.

Although the Affidavit's requests for sanctions under Fed. R. Bankr. P. 9011 and 28 U.S.C. § 1927 are not properly before this Court and, therefore, must be denied for procedural reasons, in the interest of avoiding unnecessary and unproductive litigation between the Debtor and Bigelman in the future in this case, the Court feels compelled to observe that there is nothing in the Affidavit that indicates to this Court that the Debtor would be entitled to any sanctions against Bigelman under

-2-

either Fed. R. Bankr. P. 9011 or 28 U.S.C. § 1927, even if such requests were made by separate motion in a procedurally proper form. The Debtor is better served by concentrating on diligently prosecuting his Chapter 7 case and not escalating this litigation any further. The Court denies the Affidavit's request for damages or sanctions of any kind against Bigelman.

As noted above, the Affidavit requests an award of damages against both Victor and Daniel Victor, individually. The Order only found a willful violation of the automatic stay by Victor, not by Daniel Victor. The Affidavit does not explain why the Debtor is now requesting that damages be awarded against Daniel Victor, individually. The Court denies the Affidavit's request for damages against Daniel Victor, individually.

As for damages against Victor, the itemization of attorney fees and costs attached to the Affidavit consists of two separate statements. One statement is a breakdown of the services rendered by Jay S. Kalish as the bankruptcy attorney for the Debtor. The total of the fees and costs set forth in this breakdown is $3,848.60. The other statement is a separate breakdown of the services rendered by Kurt Schnelz as the Debtor's attorney in the divorce case in Oakland County Circuit Court. That breakdown totals $2,520.00.

Section 362(k) of the Bankruptcy Code provides that an individual injured by willful violation of the stay "shall recover actual damages, including costs and attorney fees." Pursuant to this statute, the Court finds that the Debtor is entitled to recover from Victor his attorney fees and costs that were caused by the willful violation of the automatic stay. But that does not mean that the Debtor is entitled to recover all of the attorney fees and costs contained in the two statements attached to the Affidavit.

Turning first to Kalish's breakdown, the Court finds that not all of the time contained in Kalish's breakdown was caused by Victor's willful violation of the automatic stay. The first two

time entries on the breakdown, for June 4 and June 5, 2012, consist of services rendered in connection with Kalish's efforts to advise the Oakland County Circuit Court and Victor of the bankruptcy filing. But that was time incurred as a result of the bankruptcy petition, not because of the stay violation. The time incurred by Kalish because of Victor's stay violation begins on Kalish's breakdown with the entry on June 8, 2012, at which time Kalish prepared and filed the motion for damages for willful violation of the automatic stay. Those time entries were caused by the stay violation and are therefore recoverable. However, there are still some charges on Kalish's breakdown after the preparation and filing of the motion that are not recoverable. The time charges for adjourning the hearing are not recoverable because it was Kalish who requested the adjournment. The time charges for serving the motion are not recoverable, because they are clerical in nature. Similarly, the time charges for receiving and reviewing the Court's order authorizing the filing of a transcript under seal are not chargeable because they too are clerical. Finally, the time charges for Kalish to discuss the Debtor's bankruptcy case with the Debtor's divorce attorney are not recoverable because they appear to be caused by the Debtor's bankruptcy case filing, not Victor's stay violation.

After reviewing Kalish's breakdown of time, the Court concludes that the following time charges reflected on Kalish's breakdown are not recoverable because they were not caused by Victor's willful violation of the automatic stay: June 4, 2012; June 5, 2012; June 14, 2012; June 15, 2012; and July 8 through July 13, 2012. In addition, the Court finds that the second time entry on June 16, 2012 and the second entry on June 27, 2012 are not recoverable because they are clerical in nature. After disallowing these time charges, the breakdown of Kalish's time shows actual attorney fees incurred by the Debtor with Kalish because of Victor's willful violation of the automatic stay to be $2,562.50. In addition, Kalish's breakdown includes costs of $23.60, which

-4-

were also caused by the willful violation of the automatic stay. Therefore, the total amount of recoverable attorney fees and costs set forth on Kalish's breakdown with the Affidavit is $2,586.10. The Court awards that amount in favor of the Debtor and against Victor.

As noted above, there is also a breakdown of time charges for Schnelz attached to the Affidavit. After reviewing those time charges, the Court concludes that they are not recoverable against Victor under § 362(k) of the Bankruptcy Code, because they were not caused by Victor's willful violation of the automatic stay. These time charges all relate to representation of the Debtor in the divorce case in Oakland County Circuit Court. It is true that the Debtor's bankruptcy case may have increased the time charges necessary for Schnelz to incur as the Debtor's divorce attorney in Oakland County Circuit Court. But that does not mean that they are all recoverable under § 362(k) of the Bankruptcy Code. That statute only provides that the Debtor shall recover attorney fees and costs incurred because of the willful violation of the automatic stay, not all attorney fees and costs incurred because the Debtor filed a bankruptcy case. Therefore, while the Court has no issue with respect to the reasonableness or necessity for the time charges set forth in Schnelz's attachment to the Affidavit, the Court will not award those fees to the Debtor under § 362(k) of the Bankruptcy Code.

The Affidavit also requests an award of punitive damages against Victor. Section 362(k) provides for the recovery of punitive damages "in appropriate circumstances." Such circumstances include when there are "deliberate and repeated violations of the automatic stay," Archer v. Macomb County Bank, 853 F.2d 497 (6th Cir. 1988), or a creditor "acted in bad faith or with malice." Tyson v. Hunt (In re Tyson), 450 B.R. 754, 766 (Bankr. W.D. Tenn 2011) (citation omitted). "Courts are generally reluctant to award punitive damages under § 362(k) and will typically do so

only in cases that 'involve conduct that is egregious, vindictive or intentionally malicious . . . .'" Id. at 767 (quoting In re Bivens, 324 B.R. 39, 42-43 (Bankr. N.D. Ohio 2004)).

Although the Court has found that Victor willfully violated the automatic stay under § 362(k), there is nothing in the record before the Court to demonstrate that Victor's conduct was in bad faith, egregious, vindictive, or intentionally malicious. There is no evidence of other instances where Victor has violated the automatic stay in other bankruptcy cases, nor any evidence that Victor knew that it was violating the automatic stay in this case. The problem in this case is that Victor did not adequately inform itself of § 362(a) and (b) of the Bankruptcy Code so as to ensure that it did not violate the automatic stay. That does not provide grounds for an award of punitive damages.

After reviewing the Affidavit and the objections,

**IT IS HEREBY ORDERED** that the Debtor is awarded attorney fees and costs in the amount of $2,586.10 to be paid by Victor to the Debtor because of Victor's willful violation of the automatic stay pursuant to § 362(k) of the Bankruptcy Code, to be paid forthwith.

**IT IS FURTHER ORDERED** that the additional attorney fees, punitive damages and sanctions sought by the Affidavit against Bigelman, Daniel Victor and Victor are denied.

.

Signed on July 26, 2012

                                        /s/ Phillip J. Shefferly
                                    Phillip J. Shefferly
                                    United States Bankruptcy Judge